UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THERESA KENNEDY,

    Plaintiff,                              Case No. 14-cv-11248

v.                                              HONORABLE STEPHEN J. MURPHY, III

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

**ORDER OVERRULING
OBJECTION** (document no. 20)**,
ADOPTING REPORT AND RECOMMENDATION**
(document no. 19)**, DENYING KENNEDY'S MOTION FOR SUMMARY
JUDGMENT** (document no. 13)**, GRANTING COMMISSIONER'S MOTION
FOR SUMMARY JUDGMENT** (document no. 16)**, AND DISMISSING CASE**

Theresa Kennedy applied for Social Security Disability Insurance Benefits ("DIB"). Upon denial of her claim, she requested a hearing before an administrative law judge ("ALJ"). The Social Security Administration ("SSA") denied her application in an opinion issued by the ALJ on September 7, 2012. *See* ALJ Decision, ECF No. 10-2. After the SSA Appeals Council declined to review the decision, Kennedy appealed to federal court. The Court referred the matter to a United States Magistrate Judge, and the parties filed cross motions for summary judgment. ECF Nos. 13, 16. On March 10, 2015, the magistrate judge issued a Report and Recommendation ("Report") suggesting the Court grant the Commissioner's motion, deny Kennedy's motion, and dismiss the case. Report, ECF No. 19. Kennedy filed two objections. The Court has reviewed the fillings and will adopt the Report, overrule Kennedy's objections, and dismiss the case.

**BACKGROUND**

Kennedy was forty-nine years old at the time of the administrative hearing. From 1993 until March 2008, she worked as a dental assistant. She stopped working to move to Asia with her husband, but her plans were derailed when her husband filed for divorce. Tr. 261–63, 645. Kennedy did not make the move, and did not return to work due to symptoms from brain aneurysms, arthritis, right hip dislocation, central thrombothycenia, restless leg syndrome, bowl problems, degenerative disc disease, depression, and anxiety. Tr. 274.

In 2007, Kennedy underwent clipping for a right ophthalmic cavernous sinus artery aneurysm. Tr. 394–97. She reported headaches and episodic extremity weakness post-surgery. But a March 2009 head CT indicated no residual or recurrent aneurysms, and a August 2009 cerebral angiogram was negative. Tr. 2F, 51–52, 84–85. A September 2011 brain CT noted no intracranial abnormalities. At a 2009 appointment with her primary care physician, Dr. Stephen Bachmeyer, Kennedy associated her headaches, anxiety, and stress with her bad divorce. Tr. 340–41, 343, 443. Dr. Bachmeyer prescribed Cymbalta, Xanax, and other medications. *Id.* In May 2010, Kennedy complained to Dr. Bachmeyer of increased stress and depression, and said she was willing to be admitted for inpatient treatment. Tr. 340. She discharged herself after only a day, but was seen on an outpatient basis five times over the next five months. By the fall of 2010, Kennedy reported minimal improvements in her depression symptoms. Tr. 574–75, 580–81.

The ALJ found Kennedy not disabled within the meaning of the Social Security regulations. Initially, she determined Kennedy had not engaged in substantial gainful employment since March 30, 2008, the alleged onset date. Tr. 29. Next, the ALJ stated Kennedy had the following severe impairments: spinal degenerative disc disease,

peripheral neuropathy, insomnia, brain aneurysm, mental health impairments, restless leg syndrom, gastrointestinal impairments, obesity, and right hip degenerative joint disease. *Id.* But the ALJ found none of her ailments met or equaled a listed impairment under the regulations. *Id.* at 30.

The ALJ then determined Kennedy had the residual functional capacity ("RFC") to perform light work, except no climbing of ladders, ropes, or scaffolds; no more than occasional climbing of ramps or stairs; no more than frequent stopping, kneeling, crouching, crawling, or balancing; no more than occasional bilateral overhead reaching. Tr. 32. And the ALJ limited Kennedy to work that involves simple, routine, repetitive tasks; is low stress, defined as no production paced work, with occasional use of judgment and occasional changes to the work setting; and no more than occasional superficial interaction with coworkers, supervisors, and the public. *Id.* Based on Kennedy's RFC, she could not return to her prior relevant work. She could, however, work as a mail clerk, office helper, and bench assembler. Tr. 37. Given that those jobs exist in sufficient numbers in the Michigan economy, the ALJ found Kennedy not disabled. *Id.*

## STANDARD OF REVIEW

A claimant may appeal a Social Security Administration decision to a United States district court. 42 U.S.C. § 405(g). The district court's review, however, "is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made pursuant to proper legal standards." *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 374 (6th Cir. 2013) (citations omitted). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citations omitted). "A reviewing court will affirm the Commissioner's decision if it is based on

substantial evidence, even if substantial evidence would also have supported the opposite conclusion." *Id.* (citations omitted). Nonetheless, an "ALJ's failure to follow agency rules and regulations denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based on the record." *Id.* (citations omitted).

## DISCUSSION

I. <u>Weight Assigned Consultative And Non-Examining Sources</u>

Kennedy challenges the ALJ's decision to assign more weight to the opinion of state agency consulting psychologist Dr. George Starrett than to the opinions of examining psychologists Drs. Steyaert and Bishop. And Kennedy objects to the ALJ's decision to assign little weight to Dr. Bishop's opinion.

Dr. Steyaert performed a consultative psychological evaluation of Kennedy in October 2009. He opined that Kennedy "has the capacity to understand, carry out simple instructions but her ability to recall instructions is questionable." Tr. 336. He issued Kennedy a GAF score of 45 with a guarded prognosis and based his opinion, in part, on her physical ailments. *Id.* Dr. Steyaert concluded that "[d]ue to the intensity and severity of the claimant's medical and psychiatric difficulties she most probably would have difficulty with participation in a variety of work activities." *Id.*

In September 2010, state agency psychological consultant Dr. Starrett performed a review of Kennedy's record, including Dr. Steyaert's evaluation. He assessed Kennedy with an affective disorder resulting in mild restriction of activities in daily living, mild difficulty in maintaining social functioning, and moderate difficult in maintaining concentration, persistence, and pace. Tr. 106. Dr. Starrett found Kennedy able to "understand, carry out, and remember simple instructions; make simple work-related judgments and decisions,

4

respond appropriately to supervision, coworkers and work situations, and deal with changes in a routine work setting." *Id.*

In May 2012, Dr. Elizabeth Bishop conducted a second consultative psychological exam and found it highly unlikely Kennedy could maintain consistent employment. Tr. 651. Dr. Bishop administered the Weschler Adult Intelligence Scale Test and found Kennedy had a full scale IQ of 80, which placed her in the borderline range of general intellectual functioning. Dr. Bishop noted, however, that Kennedy's arthritic hands may have lowered her processing speed index. Tr. 646–47. Based on Kennedy's subjective reporting and her personal evaluation, Dr. Bishop diagnosed Kennedy with dementia secondary to a brain aneurysm, panic disorder with agoraphobia, major depressive disorder, and borderline intellectual functioning. Tr. 647. Dr. Bishop issued Kennedy a GAF score of 55 and opined moderate limitations in mental activities involving understanding, remembering, and carrying out tasks, and mild to moderate limitations in social functioning and in responding to workplace changes. Tr. 652–53.

The ALJ accorded the most weight to the opinion of the reviewing state agency consultant and reasoned that Dr. Starrett was "able to see much of the objective evidence of record," and his opinion was consistent with the "conservative treatment of record" and the "few objective findings noted during [Kennedy's] recent consultative examinations." Tr. 35. The ALJ discounted the opinion of Dr. Steyaert because he did not perform a physical examination, instead basing his opinion on Kennedy's self-reported physical symptoms. And the ALJ afforded little weight to Dr. Bishop's opinion given that it was based on physical problems she did not evaluate. Tr. 35. The ALJ also found Dr. Bishop's diagnosis of dementia not supported by memory testing or Kennedy's daily activities. Tr. 35.

The ALJ must generally give greater deference to the opinion of an examining source than a non-examining source. *See* 20 C.F.R. § 404.1527(d)(1)–(2); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). But "[t]his is not a bright-line rule." *Dragon v. Comm'r of Soc. Sec.*, 470 F. App'x 454, 464 (6th Cir. 2012). The regulations recognize that opinions from non-examining state agency consultants may be entitled to significant weight, as these individuals are "highly qualified" and "experts in Social Security disability evaluation." 20 C.F.R. § 404.1527(e)(2)(i); *see Lyons v. Soc. Sec. Admin.*, 19 F. App'x 294, 302 (6th Cir. 2001) ("A non-examining physician's opinion may be accepted over that of an examining physician when the non-examining physician clearly states the reasons that his opinions differ from those of the examining physicians."). A non-examining source "will be given weight dependent on the 'degree to which they provide supporting explanations for their opinions.'" *Dragon*, 470 F. App'x at 464 (quoting 20 C.F.R. § 404.1527(d)(3)). And "[w]hether an opinion is consistent with the record as a whole or supported by relevant evidence will also factor into the evaluation of medical opinions." *Id.* (citing 20 C.F.R. § 404.1527(d)(3)–(4)).

Drs. Steyaert and Bishop were one-time examining psychologists. Their opinions are not entitled to the controlling weight given treating physicians. *See Wilson*, 378 F.3d at 544. And though the ALJ generally affords weight to the opinions of examining physicians, the ALJ's decision to accord less weight to the opinions of Drs. Steyaert and Bishop is supported by substantial evidence. In weighing their opinions, the ALJ properly considered the fact that neither psychologist conducted a physical examination of Kennedy but instead relied on her self-reported ailments. The ALJ determined that Dr. Bishop's diagnosis of dementia was not supported by memory testing or Kennedy's daily activities.

6

Moreover, Dr. Bishop noted that Kennedy's arthritic hands may have adversely affected her intelligence testing.

A review of the record reveals that Kennedy had not reported memory problems or dementia to her primary care physician, hematologist, or psychiatrist, and her outpatient psychiatric treatment records from 2010 indicated that her memory was "intact." Tr. 340–41, 345, 349–51, 404, 422, 435–37, 443, 530–32, 574–81, 601–02, 608. The medical evidence and record supports the ALJ's decision to credit less weight to the consulting psychologists' conclusions. In affording the most weight to the state agency psychological consultant, the ALJ noted that Dr. Starrett reviewed the objective evidence and offered an opinion consistent with the objective findings of the consultative examinations. Tr. 35. Substantial evidence supports the ALJ's decision to afford the most weight to Dr. Starrett's opinion given the consistency of his opinion with the medical record.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Kennedy's Objection (document no. 20) is **OVERRULED**, and the Report and Recommendation (document no. 19) is **ADOPTED**.

**IT IS FURTHER ORDERED** that Kennedy's Motion for Summary Judgment (document no. 13) is **DENIED.**

**IT IS FURTHER ORDERED** that the Commissioner's Motion for Summary Judgment (document no. 16) is **GRANTED**, and the case is **DISMISSED WITH PREJUDICE**.

**SO ORDERED**.

s/Stephen J. Murphy, III  
STEPHEN J. MURPHY, III  
United States District Judge

Dated: July 16, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 16, 2015, by electronic and/or ordinary mail.

                                    s/Carol Cohron
                                    Case Manager